OF

# THE STATE OF NEW JERSEY.

## FEBRUARY TERM, 1889.

_____

ALEXANDER T. McGILL, ESQ., ORDINARY.

_____

ABRAHAM V. VAN FLEET, ESQ., VICE-ORDINARY.

_____

GEORGE W. MOUNT, appellant,

*v.*

CLARENCE M. SLACK, respondent.

1. A general allowance of commissions, without direction as to how they shall be divided, does not amount to a determination that they shall be divided by equal shares.

2. Where the court, at the time it fixes the amount of the commissions to be allowed, also determines, upon due notice, the proportions in which they shall be divided, and records its determination on the account, the action of the court amounts to a judgment, and will not be changed, except fraud or mistake be first shown.

9              [129]

Mount v. Slack.

On appeal from an order of Middlesex orphans court.

*Mr. George O. Vanderbilt*, for the appellant.

*Mr. Silas D. Grimstead*, for the respondent.

THE VICE-ORDINARY.

The parties to this appeal were the administrators of Enoch Mount, deceased. Letters of administration were granted to them in September, 1878. In August, 1881, the respondent, Clarence M. Slack, procured an account of the administration of the estate to be allowed and confirmed by the orphans court of Middlesex county, in which an allowance for commissions was made. The allowance appears on the credit side of the account in this form: "Commissions on $27,438.99, $728.79." The appellant, George W. Mount, did not take part in the preparation of this account; he furnished none of the items embraced in it, but they were all furnished by his co-administrator; nor did the appellant participate in having the account stated and audited by the surrogate, nor in having it passed by the court. His name appears in its caption, but he did not swear to it. As he himself states, the only connection he ever had with the account, prior to its allowance, was that he saw it at the surrogate's office. In February, 1887, more than five years after the account had been allowed and confirmed, it is said, an order was made giving the appellant leave to swear to the account *nunc pro tunc*. That order is not before this court. A controversy having arisen between the parties, as to how the commissions should be divided, the respondent applied to the orphans court to apportion them, and that court, after hearing a large number of witnesses, made an order, in September, 1887, dividing them in the proportion of one-fourth to the appellant and three-fourths to the respondent. That is the order which the appeal presents for review.

There can be no doubt about the power of the orphans court to make the order in question, provided its jurisdiction over the subject, in this particular case, had not been exhausted when the

·order was made. The one hundred and twelfth section of the Orphans Court act (*Rev. p. 776*), in substance, declares that where any difference arises between administrators in regard to the proportion in which the commissions allowed to them shall be divided, the orphans court shall determine the same, having regard to their respective services. In a case between these same parties, this statute has been held to merely give the orphans court power to determine how the commissions shall be divided, or what proportion each shall be entitled to take, but not to compel an actual division or payment in conformity to its judgment. *Mount* v. *Slack, 12 Stew. Eq. 233.*

Two faults are imputed to the order under review : First, it is said, that the legal effect of a general allowance of commissions, without direction as to how they shall be divided, is to confer upon each accountant, where there are only two, a right to one-half of the sum allowed, and that, consequently, an allowance, without direction as to how division shall be made, is equivalent to an express judgment that a division shall be made by equal shares. In other words, the claim in this case is, that the court, by making a general allowance, without direction as to division, pronounced a decree which, in its legal effect, declared that the division should be made by equal shares. I cannot concur in this view. It seems to me to be radically unsound. It assumes, it will be seen, that the court pronounced judgment on a question which was not before it, and upon which the parties had not been heard, and which, in fact, had not then arisen. It is not until a difference has arisen as to the proportion in which the division shall be made, that the parties have a right to call for the judgment of the court, and not then until one party has given notice to the other, pursuant to paragraph 8 of the rules of the orphans court (*Dick. Prob. Prac. p. 21*), that he will apply for an order making an apportionment. The accountants may, undoubtedly, when they ask to have the sum to be allowed for commissions settled, also ask the court to determine the proportions in which they shall be divided, and if the court, upon such application, makes a determination upon that subject, and records its determination upon the face of the account, its judgment will

be conclusive upon the parties, and not subject to be changed, unless fraud or mistake shall be shown. *Stevenson* v. *De Hart, 1 Zab. 70.* But in the case under consideration, no determination, as to how the commissions should be divided, was asked for by either party at the time the amount of the commissions was settled, nor was that question, at that time, at all considered by the court, nor was it ever put in course of judicial determination until the respondent applied to have it decided. Until the order in question was made, the court had not exercised its jurisdiction over the subject adjudged by the order, and its authority, therefore, to make the order, without fraud or mistake being first shown, would seem to be beyond question.

The second fault imputed to the order is, that it rests on an erroneous conclusion as to the facts of the case, the contention being, that if proper regard is had to the services respectively rendered by the appellant and respondent, in the settlement of this estate, it will be apparent that the order awards to the appellant much less than he is fairly entitled to. The claim is, that he should have been allowed at least one-half of the commissions. I shall not review or discuss the evidence. After giving it full and careful consideration, I am not able to say that the conclusion reached by the court below is so clearly erroneous that the order ought to be reversed; on the contrary, I believe substantial justice has been done.

The order appealed from will be affirmed, with costs.